✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__MICHAEL SHAWN GRAVES__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  2:09 mj 4

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
    for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09 mj 4

**UNITED STATES OF AMERICA,**

Vs.                                            **ADDENDUM TO**
                                                         **DETENTION ORDER**

**MICHAEL SHAWN GRAVES.**

_____

**I. FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence. The defendant is charged in a criminal complaint with using fire to commit a felony. The evidence showed that the defendant participated in the burning of over seventy four acres of land in Cherokee County, NC which included lands under the ownership and control of the United States Forest Service. One of the fires in which the defendant assisted in setting came within six feet of an occupied dwelling house. Other structures and property were also in danger of being burned.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. After being apprehended almost in the act of committing the crime, the defendant admitted his participation, not only in the crimes that occurred on February 8, 2009 but also in similar crimes that occurred on February 5, 2009. The defendant also admitted to burning federal lands in the state of Tennessee.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in Copper Hill, TN and in Dalton, GA. The defendant resides with his spouse, who is also his co-defendant, and their two children ages four and five in Farner, TN. The defendant is currently unemployed but has had employment. The defendant has a length of residence in the community. The defendant's criminal history relating to drug or alcohol abuse shows that the defendant has the following convictions.

| Offense | Conviction Date |
|---|---|
| Driving while impaired | 03/21/00 |
| Consuming an alcoholic beverage on a public road | 03/29/00 |
| Driving while impaired | 06/14/05 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Operating a vehicle with no registration, no insurance and failure to appear on a misdemeanor | 03/17/98 |
| Operating a vehicle with no registration | 08/17/98 |
| Second degree trespass | 10/24/01 |

The defendant's record concerning appearance at court appearances shows that the defendant did failed to appear on one occasions.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant and his spouse participated in setting forest fires on February 8, 2009 on Morrow Road in Cherokee County, NC. Further investigation indicated the defendant assisted in setting forest fires in the same area on Thursday, February 5, 2009. These fires endangered persons and property. One forest fire came within six feet of a dwelling house and in close proximity to two large propane tanks that were near that dwelling house. The fires also endangered other property. These acts on the part of the defendant show by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community and as a result the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on the part of the defendant.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: February 17, 2009

Dennis L. Howell
United States Magistrate Judge